TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 86-201 |
| of | : | AUGUST 7, 1986 |
| JOHN K. VAN DE KAMP<br>Attorney General | : | |
| RODNEY O. LILYQUIST<br>Deputy Attorney General | : | |

_____

THE HONORABLE NOLAN FRIZZELLE, MEMBER, CALIFORNIA ASSEMBLY, has requested an opinion on the following questions:

1. Is an employee of a local public agency who is a member of the State Military Reserve entitled to a temporary leave of absence from his employment to attend active and inactive reserve activities?

2. Under what circumstances, if any, may a member of the State Military Reserve be ordered to active duty?

3. What employment rights to salary and length of leave, if any, does an employee of a local public agency have who is ordered to active duty as a member of the State Military Reserve?

1

CONCLUSIONS

1.  An employee of a local public agency who is a member of the State Military Reserve is entitled to a temporary leave of absence from his employment to attend active, but not inactive, reserve activities.

2.  A member of the State Military Reserve may be ordered to active duty during times of war, rebellion, insurrection, riot, public calamity or catastrophe and other emergencies as set forth in Military and Veterans Code sections 142, 143, and 146.

3.  An employee of a local public agency who is ordered to active duty as a member of the State Military Reserve is entitled to leave with pay for not more than 30 calendar days from his employer and a leave of absence for the duration of the duty as specified in Military and Veterans Code section 395.05.

ANALYSIS

The State Military Reserve ("Reserve") is part of the Military Department, along with the California National Guard, the Naval Militia, the California Cadet Corps, and the Office of Adjutant General.  (Mil. & Vet. Code, § 51.)[1]  The Reserve, the National Guard, and the Naval Militia constitute the active militia of the state.  (§ 120.)

The Reserve is a voluntary organization under the authority and control of the Governor.  (See §§ 550, 551.) It is available "to assume the duties and functions of the National Guard within the state whenever the National Guard is called into federal service" and "to respond immediately whenever called in any natural disaster or civil emergency to protect and preserve the lives and property of the citizens of the state." (Stats. 1984, ch. 1545, § 1.)[2]

---

[1] All references hereafter to the Military and Veterans Code are by section number only.

[2] Use of the Reserve for these purposes has the consent of Congress.  Clause 3 of section 10 of article I of the United States Constitution provides: "No State shall, without the consent of Congress, . . . keep troops or ships of war in time of peace . . . ."  Section 109 of title 32 of the United States Code states:

"(a) In time of peace, a State or Territory, Puerto Rico, the Virgin Islands, the Canal Zone, or District of Columbia may maintain no troops other than those of its National Guard and defense forces authorized by subsection (c).

"(b) Nothing in this title limits the right of a State or Territory, Puerto Rico, the Virgin Islands, the Canal Zone, or the District of Columbia to use its National Guard or its defense forces authorized by subsection (c) within its

2

1.  Temporary Leave of Absence

The first question to be resolved is whether an employee of a local public agency[3] who is a member of the Reserve is entitled to a temporary leave of absence from his employer in order to attend active and inactive Reserve activities.[4]  We conclude that he is so entitled only with respect to active Reserve activities.

Subdivision (a) of section 389 states:

"As used in this chapter, 'temporary military leave of absence' means a leave of absence from public employment to engage in ordered military duty for a period which by the order is not to exceed 180 calendar days including travel time for purposes of *active* military training, encampment, naval cruises, special exercises or like activity as a member of the reserve

borders in time of peace, or prevents it from organizing and maintaining police or constabulary.

"(c) In addition to its National Guard, if any, a State or Territory, Puerto Rico, the Virgin Islands, the Canal Zone, or the District of Columbia may, as provided by its laws, organize and maintain defense forces.  A defense force established under this section may be used within the jurisdiction concerned, as its chief executive (or commanding general in the case of the District of Columbia) considers necessary, but it may not be called, ordered, or drafted into the armed forces.

"(d) A member of a defense force established under subsection (c) is not, because of that membership, exempt from service in the armed forces, nor is he entitled to pay, allowances, subsistence, transportation, or medical care or treatment, from funds of the United States.

"(e) A person may not become a member of a defense force established under subsection (c) if he is a member of a reserve component of the armed forces."

[3] A local public agency would be a "county, city and county, city, municipal corporation, school district, irrigation district, water district, or other district."  (§ 389, subd. (c).)  Civil service employees of the state are covered by a separate statutory scheme, Government Code sections 19770-19786; the employment benefits for military service are similar for the two groups. (*Bowers* v. *City of San Buenaventura* (1977) 75 Cal.App.3d 65, 71-72.)

[4] An "active" Reserve activity for our purposes means the 15-day annual summer camp or more extensive training activities, while an "inactive" Reserve activity would be the usual monthly weekend drills.  (See §§ 389, 395; *Bowers* v. *City of Buenaventura*, *supra*, 75 Cal.App.3d 65, 73-75; 63 Ops.Cal.Atty.Gen. 483, 485-486 (1980).)  The latter are now called "unit training assemblies."

3

corps or force of the armed forces of the United States, or the National Guard, or the Naval Militia." (Emphasis added.)

This definition is made expressly applicable to Reserve members by section 566.[5]

Section 395 provides in part:

"Any public employee who is a member of the reserve corps of the armed forces of the United States or of the National Guard or the Naval Militia shall be entitled to a temporary military leave of absence as provided by federal law while engaged in military duty ordered for purposes of *active* military training, encampment, naval cruises, special exercises or like activity as such member, providing that the period of ordered duty does not exceed 180 calendar days including time involved in going to and returning from such duty, and provided that paid military leave of absence is not required for periods of *inactive* military duty." (Emphases added.)

Section 395 is made expressly applicable to Reserve members while they are in active service.[6]

The provisions of sections 389 and 395 were examined in *Bowers* v. *City of San Buenaventura*, *supra*, 75 Cal.App.3d at pages 73-75. Based upon the legislative histories of the two statutes, the court concluded that while "public employees must use their own time to attend . . . weekend drills" (p. 73), they are entitled to a temporary leave of absence from their employers for "more extensive training activity such as camp" (p. 75).

In 63 Ops.Cal.Atty.Gen. 483, 486 (1980), we followed *Bowers* and concluded, "Thus, public employees, as far as California statutes are concerned, are required to be given military leave of absence for active military duty, but not for inactive military duty, which includes weekend drills."

---

[5] Section 566 is part of the State Military Reserve Act (§§ 550-567) and provides that certain provisions of the Military and Veterans Code not contained in the act, including section 389, are specifically applicable to Reserve members.

[6] Section 564 states: "All of the rights, privileges and benefits provided in Sections 394 and 395 of this code are hereby extended to members of said forces while in the *active service of this State*." (Emphasis added.) Similar to section 566, section 564 is part of the State Military Reserve Act and makes certain provisions of the Military and Veterans Code not contained in the act specifically applicable to Reserve members.

4

While section 395 has been amended since our 1980 opinion (see Stats. 1981, ch. 616, § 6), neither it, as currently written, nor any other provision of law requires that a temporary leave of absence be given to Reserve members for inactive duty drills. (See § 564.) If a scheduling conflict cannot be avoided and the employee chooses to attend the weekend drill, his employer may require that he take vacation leave, make up the lost time, or not be paid for the hours missed. As stated in *Bowers* v. *City of San Buenaventura*, *supra*, 75 Cal.App.3d at 74-75:

".  .  . if the employee cannot arrange for the employer to adjust his working shift, the employee must take vacation or overtime to meet his reserve obligations. . . .

"Thus plaintiff was not entitled to paid military leave for weekend drills even when such drills fell on his regularly scheduled work days. If *he* could not *arrange* for City to adjust his work schedule so that weekend drills would fall on his own time, he was required to use up "vacation time" or "overtime." (See Gov. Code, § 19774.) Far from being prohibited, adjustments in plaintiff's work schedule were authorized for his benefit. If conflict between the two schedules could not be avoided, plaintiff had to use vacation leave or make up the lost days in order to receive compensation. If plaintiff chose to make them up, City was not required to pay him at overtime rates on makeup days. (See *Los Angeles Fire & Police Protective League* v. *City of Los Angeles*, 23 Cal.App.3d 67, 76-77.)"

In answer to the first question, therefore, we conclude that a temporary leave of absence is not required to be given by a local public agency to an employee to attend inactive Reserve activities. Such leave is required where the Reserve member is attending active Reserve activities.[7]

2. Ordered to Active Duty

The second question presented for analysis concerns the conditions under which members of the Reserve may be ordered to active duty.

---

[7] These conclusions would also be applicable to Reserve members who are state civil service employees. (See Gov. Code, §§ 19774-19775.2.) Along with the leave of absence a public employee is entitled to a salary from his employer for the first 30 calendar days of such absence. (§ 395.01; Gov. Code, § 19775.1.) Reserve members in private industry are entitled to a leave of absence for active military training but are not entitled to a salary from their employers during such activity. (§ 394.5.)

5

As previously mentioned, the Reserve is a component of the active militia of the state. (§ 120.) Section 142 provides:

"The Governor may order the active militia or any portion thereof to perform military duty of every description, including necessary administrative duties, and to participate in small arms gunnery competitions in this State or in any other state or territory or the District of Columbia, or in any fort, camp, or reservation of the United States. He may also authorize the performance of military duty or participation in small arms or gunnery competitions by any part of the active militia anywhere without the State or without the United States. Cruise duty ordered for the Naval Militia may be required to be performed on United States vessels."

Section 143 states:

"Wherever the Governor is satisfied that rebellion, insurrection, tumult or riot exists in any part of the State or that the execution of civil or criminal process has been forcibly resisted by bodies of men, or that any conspiracy or combination exists to resist by force the execution of such process, or that the officers of any county or city are unable or have failed for any reason to enforce the laws, he may, by proclamation, declare any part of the State or the county or city or any portion thereof to be in a state of insurrection, and he may thereupon order into the service of the State such number and description of the active militia, or unorganized militia, as he deems necessary, to serve for such term and under the command of such officer as he directs."

Section 146 provides:

"The Governor may call into active service such portion of the active militia as may be necessary, and if the number available be insufficient, he may call into active service such portion of the unorganized militia as may be necessary, in any of the following events:

"(a) In case of war, insurrection, rebellion, invasion, tumult, riot, breach of the peace, public calamity or catastrophe, or other emergency, or imminent danger thereof, or resistance to the laws of this State or the United States.

"(b) Upon call or requisition of the President of the United States.

6

86-201

"(c) Upon call of any United States marshal in California, or upon call of any officer of the United States Army commanding an army, army area, or military administrative or tactical command including generally the State of California, or upon call of any officer of the United States Air Force commanding an air force, air defense force, air defense command or air command including generally the State of California.

"(d) Upon call of the chief executive officer of any city or city and county, or of any justice of the Supreme Court, or of any judge of the superior court, or any sheriff, setting forth that there is an unlawful or riotous assembly with intent to commit a felony, or to offer violence to person or property, or to resist the laws of the State or the United States or that there has occurred a public calamity or catastrophe for which aid to the civil authorities is required.

"(e) Upon call of the sheriff setting forth that the civil power of the county is not sufficient to enable him to execute process delivered to him."

Specific inclusion of these statutes into the State Military Reserve Act (§§ 550-567) pursuant to sections 564 or 566 is unnecessary since they are already applicable to the Reserve due to the language of section 120. In most cases Reserve members will be ordered to active duty by the Governor under section 146 to provide assistance during a public calamity such as a fire or an earthquake. Administrative positions in the Reserve may be filled pursuant to section 142. As previously mentioned, such use of the Reserve is authorized by Congress. (32 U.S.C. § 109; see U.S. Const., art. I, §§ 8, 10; *Martin* v. *Riley* (1942) 20 Cal.2d 28, 41; 21 Ops.Cal.Atty.Gen. 66 (1953).)

We thus conclude in answer to the second question that members of the Reserve may be ordered to active duty during times of war, rebellion, insurrection, riot, public calamity or catastrophe and other emergencies as specified in sections 142, 143 and 146.

3. Active Duty Benefits

The third question presented is whether an employee of a local public agency has any employment rights to salary and a leave of absence when he is ordered to active duty as a member of the Reserve. We conclude that he does.

As previously discussed, section 389 and sections 395 through 395.01 detail the employment rights and benefits of a local agency public employee who is

7

86-201

ordered to active training.  The length of leave for such activity is limited therein to 180 calendar days.  Subdivision (a) of section 395.05, on the other hand, describes the employment benefits of such a person ordered to active duty:

> "Any public employee who is a member of the National Guard, shall be entitled to absent himself from his duties or service, without regard to the length of his public service, while engaged in the performance of ordered military or naval duty and while going to and returning from such duty, provided such duty is performed during such time as the Governor may have issued a proclamation of a state of extreme emergency or during such time as the National Guard may be on active duty in one or more of the situations described or included in Section 146 of this code provided such absence does not exceed the duration of such emergency.  During the absence of such officer or employee while engaged in such military service during such emergency and while going to and returning from such duty, and for a period not to exceed 30 calendar days, he shall receive his salary or compensation as such officer or employee and shall not be subjected by any person directly or indirectly by reason of such absence to any loss or diminution of vacation or holiday privilege or be prejudiced by reason of such absence with reference to promotion or continuance in office, employment, reappointment to office, or reemployment."

This statutory provision is made expressly applicable to Reserve members by section 566.  Section 395.05 thus requires a public employer to grant leave of absence to an employee ordered into active service in the Reserve for the duration of the emergency and further requires the public employer to pay the employee's salary during such leave for not more than 30 calendar days.[8]

In answer to the third question, therefore, we conclude that an employee of a local public agency is entitled to a maximum of 30 calendar days of salary from his employer as well as a leave of absence for the duration of the emergency when ordered to active duty as a member of the Reserve.[9]

*****

---

[8] If the person is ordered to active federal duty, the same benefits would apply.  (§§ 395.02, 395.03, 566.)

[9] A state civil service employee who is a Reserve member would also be entitled to a maximum of 30 calendar days of salary from his employer and a leave of absence while performing active duty.  (Gov. Code, §§ 19775-19775.2.)